AO 248 (Rev. 08/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/6/2021

UNITED STATES OF AMERICA

v.

KEVIN LEWIS

Case No. 1:16-cr-396

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

　☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

　☐ Time served.

　If the defendant's sentence is reduced to time served:

　　☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

2

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before         , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

The Court has considered Mr. Lewis' application, Dkt. No. 726, and his supplemental submission, which demonstrates that he has exhausted the statutory preconditions to his motion, Dkt. No. 765, as well as the materials presented to the Court in connection with his sentencing. The Court recognizes that the "First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020). However, the defendant has not met his burden to show extraordinary and compelling reasons for his release. Mr. Lewis was 31 years old at the time of his sentencing in October 2017. Sentencing Transcript, Dkt. No. 5550 ("Tr."), at 20:11. As noted in his compassionate release application, and by the Court at sentencing, Mr. Lewis has been treated for both hypertension and an enlarged heart. However, Mr. Lewis has not demonstrated that these conditions constitute compelling reasons for his early release--in particular, the Court has no basis upon which to conclude that in his age cohort those conditions substantially increase the risk

3

associated with COVID-19. And the Court observes the ongoing vaccination program within the BOP to provide inmates the opportunity to mitigate that risk. Moreover, particularly given the serious nature of the crime for which Mr. Lewis was convicted, Tr. 19:17-20:10, his possession of a firearm in connection with it, and his substantial criminal history, Tr. 6:1-24, after evaluating all of the factors established under 18 U.S.C. § 3553(a), the Court would not find that a lesser sentence would be appropriate at this time. The Court imposed a sentence that represented a substantial downward variance from the guidelines range; the information provided by Mr. Lewis in his application does not lead the Court to conclude that a lesser sentence would be appropriate.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

June 6, 2021

GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE